UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SAMUEL RODRIGUEZ and GRACIELA RODRIGUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE TEXAS LLOYD'S, <br><br> Defendant. | § § § § § § § § § § § § EP-16-CV-00328-DCG |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiffs Samuel Rodriguez and Graciela Rodriguez's ("Plaintiffs") "Opposed Motion to Remand and Brief in Support" ("Plaintiffs' Motion to Remand") (ECF No. 9), filed on September 1, 2016. Defendant Allstate Texas Lloyd's ("Defendant") filed a response ("Defendant's Response") (ECF No. 10) on September 8. Plaintiffs filed a reply ("Plaintiffs' Reply") (ECF No. 13) on September 15. Defendant filed a Sur-Reply (ECF No. 20) on November 16. Having considered the parties' arguments, in view of the applicable law, the Court **DENIES** Plaintiffs' Motion to Remand.

## I. BACKGROUND

On June 23, 2016, Plaintiffs brought this action in the 168th Judicial District Court of El Paso County, Texas, asserting state law causes of action based on an insurance claim Plaintiffs made following damage to their property from a hail/wind storm.[1] Notice of Removal at 1, ECF No. 1; *id.*, Ex. B-1 ¶¶ 5.1–5.3. Defendant was served with the state court petition on July 5. Notice of Removal at 2.

---

[1] Plaintiffs asserted claims for noncompliance with various provisions of the Texas Insurance Code, common law fraud, conspiracy to commit fraud, breach of contract, and breach of the common law duty of good faith and fair dealing. Notice of Removal, Ex. B-1 ¶¶ 6.1–10.2, ECF No. 1–2.

Premised on diversity jurisdiction, Defendant removed this matter to federal court on August 2, 2016. *Id.*; *see also* 28 U.S.C. § 1446(b) (stating that a party has thirty days to remove an action after receipt of initial petition). Plaintiffs are citizens of Texas. Notice of Removal at 2. Defendant is an association of underwriters whose individual underwriters are residents and citizens of the State of Illinois and New Jersey. *Id.* at 2–3.

On August 31, 2016, Plaintiffs filed a "Stipulation of Damages" ("Post-Removal Stipulation") seeking to limit their recovery to under $75,000.[2] *See* Post-Removal Stipulation. On September 1, Plaintiffs filed a Motion to Remand arguing that the amount in controversy does not exceed $75,000, exclusive of interest and costs.[3] Pls.' Mot.

## II. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377).

A defendant may remove a state-court civil action to a federal district court, if the latter has original jurisdiction. *See* 28 U.S.C. § 1441(a). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question'

---

[2] The Post-Removal Stipulation states the limiting amount as $74,999.00 in Paragraph 3, but as $74,999.99 in Paragraphs 4, 5, and 6. *Compare* Post-Removal Stipulation ¶ 3, ECF No. 6, *with id.* ¶¶ 4–6.

[3] Neither party contests, nor does the Court have any reason to question, whether there is complete diversity between the parties. Therefore, the only issue for the Court to consider is whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

jurisdiction." *Energy Mgmt.*, 739 F.3d at 258-59 (citing 28 U.S.C. §§ 1331, 1332, 1369). "Thus, under § 1441, removal is proper *only* when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259 (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Once the case is removed, the district court must, however, remand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing party bears the burden of proving by preponderance of evidence that federal jurisdiction exists. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citations omitted). Significantly, the jurisdictional facts must be judged as of the time of filing of the state court petition. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (*per curiam*) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). In general, the amount in controversy is determined by the amount sought on the face of the state court petition, so long as the claim is made in good faith. *Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Where state law prevents a plaintiff from alleging a specific amount of damages in the complaint, a defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds

$75,000. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000); *De Aguilar*, 47 F.3d at 1410–11. "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Greenberg*, 134 F.3d at 1253 (footnotes omitted); *see also Garcia*, 351 F.3d at 639 (holding that the defendant may prove claims by demonstrating that the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the requisite amount). Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden. *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (*per curiam*); *Greenberg*, 134 F.3d at 1254–55; *Wilson v. Berlin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008) (citations omitted).

If a defendant meets their burden, removal is proper, unless a plaintiff can show with "legal certainty" that the claims alleged are for less than $75,000. *De Aguilar*, 47 F.3d at 1412 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). A plaintiff may do so by pointing to a state law that prevents recovery in excess of the damages sought in the state court petition or by "fil[ing] a binding stipulation or affidavit with their complaints." *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*)). However, post-removal events reducing the amount in controversy generally do not deprive the court of jurisdiction. *Gebbia*, 233 F.3d at 883 (5th Cir. 2000) (collecting sources).

Finally, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citation omitted).

This is so because, "[a]s 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'" *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted). The federal courts "must not trespass upon the judicial 'turf' of the state courts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. Unit A Dec. 1981).

### III. ANALYSIS

#### A. *The Parties' Arguments*

Plaintiffs argue that the amount in controversy does not exceed $75,000 because the face of the state court petition unambiguously stated that they sought "only monetary relief aggregating less than $75,000[.00], including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees." Pls.' Mot. at 3 (quoting Notice of Removal, Ex. B-1 ¶ 1.1). In the alternative, they claim that if the state court petition was ambiguous, the Post-Removal Stipulation provides "legal certainty" that the amount in controversy is less than $75,000 because it "irrevocably limits the amount of recovery in the instant case" to $74,999.99. *Id.* at 4. Consequently, they contend that this Court lacks subject matter jurisdiction over this action. *Id.* at 5.

Defendant counters that the sum set forth in the state court petition should not control because it violates Texas Rule of Civil Procedure 47 ("Rule 47"), constituting bad faith. Def.'s Resp. at 2–3. Defendant argues that the state court petition is "not ambiguous," but rather Plaintiffs' assertion that they sought "monetary relief of less than $75,000.00" is "a clear attempt to avoid federal jurisdiction." *Id.* at 3–4. Defendant maintains that Plaintiffs' statement concerning damages conflicts with the pre-suit demand letter and other statements in the state court petition, and "ignores" the damage model. *Id.* at 4. Specifically, Defendant asserts that the

state court petition and demand letter sought 18% interest, treble damages, compensatory damages for emotional stress "as may be found," pre- and post-suit attorneys' fees, pre- and post-judgment interest, court costs, the right to seek additional damages, and punitive and exemplary damages. *Id.* Defendant explains that, because Texas law does not prevent a court or jury from awarding a higher amount than what is stated in the pleadings, there is no certainty in the amount stated in the state court petition. *Id.* Finally, Defendant urges the Court not to consider the Post-Removal Stipulation because it was not filed with the state court petition. *Id.* at 5–7. Defendant concludes that this Court has subject matter jurisdiction. *Id.* at 7.

In their Reply, Plaintiffs dispute whether the contents of the state court petition and demand letter are sufficient to establish the amount in controversy. Pls.' Reply at 5–7. They aver that the damages-limiting statement in the state court petition that they sought recovery of "less than $75,000.00" constitutes an unambiguous judicial admission binding them to a recovery of that amount. *Id.* at 1–3. They contend that the amendments to Rule 47 require pleading an amount for all damages and that no violation of Rule 47 occurred here because, after Defendant rejected the demand, Plaintiffs filed the state court petition and sought to "avail" themselves of the "expedited actions process" found in Texas Rule of Civil Procedure 169 ("Rule 169"). *Id.* at 4. They further argue that the Post-Removal Stipulation can be used to clarify any ambiguity in the state court petition. *Id.* at 3–4.

In its Sur-Reply, Defendant points out that it has met its burden of proof, but Plaintiffs have failed to demonstrate with "legal certainty" that they could not recover more than the amount alleged in the state court petition. Def.'s Sur-Reply at 1–2. Defendant also reasserts its position that a pleading seeking recovery of "less than $75,000" is in bad faith and is not a binding judicial admission for purposes of preventing removal. *Id.* at 2–3.

*B. The Court's Analysis*

*1. Whether the Damages-Limiting Statement Constitutes Bad Faith*

Plaintiffs contend that the damages-limiting statement in the state court petition does not violate Rule 47 and, therefore, does not constitute bad faith. Pls.' Reply at 4.

Prior to amendments in 2013, the Texas Rules of Civil Procedure prevented plaintiffs from pleading unliquidated damages in a specific amount, except in response to a special exception.[4] *See De Aguilar*, 47 F.3d at 1412–13 ("An original pleading . . . shall contain . . . (b) in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court." (quoting Tex. R. Civ. P. 47(b))); *see also Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). Rule 47, as amended in 2013, now requires the state court petition to contain, among other things, one of five pre-defined damage ranges for purposes of determining whether the case qualifies for the "expedited actions process" found in Rule 169.[5] Tex. R. Civ. P. 47(c), 169.[6] For example, at the low end of the pre-defined damage ranges, plaintiffs can plead "only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees" and, at the high end, plaintiffs can plead "monetary relief over $1,000,000." Tex. R. Civ. P. 47(c). Although the

---

[4] Texas law permits, absent a showing of surprise or prejudice, post-verdict amendments to conform the amount of damages requested to that awarded. *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939–41 (Tex. 1990).

[5] The pre-defined damage ranges must be included in all cases except those under the Texas Family Code. Tex. R. Civ. P. 47(c).

[6] The rule of law stated in Footnote 4 does not apply to suits in the "expedited actions process." Tex. R. Civ. P. 169 cmt. 4. A court must remove a case from the "expedited actions process" if there is a motion demonstrating "good cause" or "if any claimant, other than a counter-claimant, files a pleading or an amended or supplemental pleading that seeks any relief other than the monetary relief [established in the $100,000 or less pre-defined damage range]." Tex. R. Civ. P. 169(c)(1). Those amended or supplemental pleadings "may not be filed without leave of court unless [they are] filed before the earlier of 30 days after the discovery period is closed or 30 days before the date set for trial." Tex. R. Civ. P. 169(c)(2). "Leave to amend may be granted only if good cause for filing the pleading outweighs any prejudice to an opposing party." *Id.*

Fifth Circuit has not specifically addressed the amendments,[7] district courts interpreting the current version of Rule 47 have continued to hold that plaintiffs may not plead unliquidated damages in a specific amount. *See, e.g., A & C Disc. Pharmacy, L.L.C. v. Caremark L.L.C.*, Civ. A. No. 3:16-CV-0264-D, 2016 WL 3126237, at *2 n.2 (N.D. Tex. June 3, 2016) ("[B]ecause Rule 47 'requires plaintiffs to state their damage requests in the form of . . . prescribed, broad ranges, that provision effectively preclude[s] plaintiffs from requesting specific damage amounts.'" (citation omitted)); *Chavez v. State Farm Lloyds*, Civ. A. No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) ("[W]hile it is true that [Rule 47] was amended 'to require a more specific statement of the relief sought by a party,' Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000." (citing Tex. R. Civ. P. 47)). *But see Middlebrook v. SLM Fin. Corp.*, 2015 WL 2401435, at *3 n.2 (W.D. Tex. May 20, 2015) (reviewing the current version of Rule 47 and finding that "the rule that complaints pled in accordance with Texas state law should automatically be analyzed under the standard for complaints alleging indeterminate amounts of damages is no longer applicable").

Here, the state court petition sought "only monetary relief aggregating less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees." Notice of Removal, Ex. B-1 ¶ 1.1. "[L]ess than $75,000" is not one of the five pre-defined damage ranges listed in Rule 47. Tex. R. Civ. P. 47(c). As such, it appears to the Court that the damages-limiting statement in the state court petition is, as Defendant argues, included for the purpose of evading this Court's jurisdiction.[8] *See, e.g., Chavez*, 2016 WL

---

[7] The only Fifth Circuit case that this Court found regarding the amendments is *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013). In *Mumfrey*, the court recognized the amendments to Rule 47, but did not consider the issue because the parties failed to brief it. *Id.* at 398 n.9.

[8] Indeed, if Plaintiffs in good faith wanted to properly bind themselves to less than $75,000 in damages, they could have included in their state court petition one of the *pre-defined* damage ranges

641634, at *2 (holding that pleading that failed to include one of the pre-defined damage ranges in Rule 47 was in bad faith); *Ford v. United Parcel Serv., Inc. (Ohio)*, Civ. A. No. 3:14-CV-1872-D, 2014 WL 4105365, at *2 (N.D. Tex. Aug. 21, 2014) (same).

Accordingly, the damages-limiting statement in the state court petition constitutes bad faith and, therefore, does not control the Court's analysis. *See Chavez*, 2016 WL 641634, at *2 (holding that plaintiff's statement that her damages were "less than $75,000.00" were impermissible under Texas law and did not control the court's analysis of the amount in controversy); *Ford*, 2014 WL 4105365, at *2 (same in case where the plaintiff pled damages "not to exceed $74,000").

2. *Whether Defendant has met its Burden*

Defendant argues that the state court petition and pre-suit demand letter establish that, at the time of removal, the amount in controversy exceeded $75,000. Def.'s Resp. at 2–5. In the Damages section of the state court petition, Plaintiffs sought the following relief for their claims under the Texas Insurance Code: (1) actual damages; (2) damages for mental anguish; (3) treble damages pursuant to the Texas Insurance Code; (4) 18% interest on the amount of the insurance claim, pursuant to the Texas Insurance Code; and (5) attorneys' fees. Notice of Removal, Ex. B-1 ¶¶ 12.4–12.5. Such damages should be included in determining the amount in controversy. *See* Tex. Ins. Code §§ 541.152(a) (violations of Section 541 allow recovery of actual damages, attorneys' fees and costs, treble damages), 542.060(a) (violations of Section 542 allow recovery

---

listed in Rule 47 that is appropriate for the "expedited actions process" under Rule 169 and attach thereto a separate stipulation or affidavit binding themselves to seeking and accepting an amount "less than $75,000.00." *See, e.g., Wilson v. Hibu Inc.*, Civ. A. No. 3:13-CV-2012-L, 2013 WL 5803816, at *6 (N.D. Tex. Oct. 28, 2013) (holding that the plaintiff could have remained in state court by filing an affidavit or stipulation with the state court petition); *Washington-Thomas v. Dial Am. Mktg., Inc.*, No. EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012) (Guaderrama, J.) (holding that a stipulation included in the state court petition and pre-removal affidavit attached to and filed with the state court petition that states that the plaintiff will not seek or accept damages in excess of the jurisdictional requirement would be "sufficiently binding on the plaintiff to preclude removal").

of an 18% interest penalty); *Chavez*, 2016 WL 641634, at *3 (including, among other things, damages under insurance policy, 18% interest penalty, mental anguish, and attorney's fees and costs when determining amount in controversy ); *see also Johnson v. Carmax Auto Superstore, Inc.*, Civ. A. No. SA-08-CA-820-FB, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008) (considering potential damages that defendant would be liable for under state law including attorney's fees, common law damages, statutory damages, and treble damages in determining the amount in controversy). As a result, it appears to the Court that it is more likely than not that the amount in controversy exceeds $75,000. *See Hibu, Inc.*, 2013 WL 5803816, at *4 (applying "common-sense approach" and holding that due to the claims and damages sought, the amount in controversy was facially apparent); *Johnson*, 2008 WL 5686083, at *3 (noting that other courts have relied on the causes of action and types of damages claimed by the plaintiff in holding that it was facially apparent from the state court petition that the amount in controversy exceeded $75,000 despite no "specific amount in controversy").

Further, the pre-suit demand letter provides an itemization for a majority of the damages sought by Plaintiffs. Notice of Removal, Ex. C at 6, ECF No. 1–3. Therein, Plaintiffs sought $58,199.17 in structural damages, $30,000.00 in damages for mental anguish, $5,000.00 in attorneys' fees and costs up to the date of the demand letter, $3,530.22 related to the 18% interest penalty pursuant to the Texas Insurance Code, and $1,629.82 in pre-judgment interest at 5% per year, less $1,379.00 paid, for a total demand of $96,980.21. *Id.* In addition, Plaintiffs sought treble damages. *Id.* at 7. They further stated that if the demand was not paid within sixty days, they would "seek to recover a significant amount of additional damages, including but not limited to, extra-contractual damages, consequential damages, additional attorneys' fees, statutory interest, court costs, and exemplary damages." *Id.*

Taking into account the amounts set forth in the pre-suit demand letter, *see Hartford Ins. Grp.*, 293 F.3d at 910–12; *Greenberg*, 134 F.3d at 1254–55; *Berlin*, 20 F.3d at 651 n.8; *Molina*, 535 F. Supp. 2d at 808, the Court finds that Defendant has established that the amount in controversy exceeds $75,000. *See Hibu Inc.*, 2013 WL 5803816, at *3 ("In today's world, it does not take much to exceed $75,000."). In reaching that conclusion, the Court subtracts the amount paid to Plaintiffs prior to the filing of this lawsuit, $1,379.00, from the amount of structural damages sought, $58,199.17, to arrive at the net amount of structural damages sought, *i.e.*, $56,820.17 ($58,199.17 - $1,379.00). *See Schubert v. Auto Owners Ins.*, 649 F.3d 817, 821 (8th Cir. 2011) (citing *Boe v. State Farm Fire & Cas. Ins.*, Civ. A. No. 09-780, 2009 WL 1707122, at *2–3 (E.D. La. June 16, 2009) (determining the amount in controversy by subtracting the amount the defendant paid the plaintiff from the plaintiffs' estimate of structural damages combined with damages to the contents of the plaintiffs' home)). After trebling the net amount, the total amount of structural damages is $170,460.51 ($56,820.17 * 3). Consequently, combining the trebled damages with the above-mentioned relief Plaintiffs sought pursuant to the Texas Insurance Code results in an amount in controversy that greatly exceeds the jurisdictional requirement. Therefore, the Court finds that Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

3. *Whether Plaintiffs have met the Legal Certainty Standard*

Because Defendant has carried its burden, Plaintiffs must show with "legal certainty" that the amount in controversy is less than $75,000. *See De Aguilar*, 47 F.3d at 1412. The Court holds they have failed to do so for several reasons.

First, Plaintiffs do not point to any state law preventing recovery of damages in excess of those sought in the state court petition and they did not file a binding stipulation or affidavit with

the state court petition. *See id.* Second, Plaintiffs' attempt to rebut Defendant's evidence by arguing that Defendant rejected the demand letter is unavailing because the demand letter stated it was made "in good faith" and supported by their own estimate. Notice of Removal, Ex. C. at 7. Third, the Court rejects Plaintiffs' argument that the damages-limiting statement in the state court petition constitutes a binding judicial admission.[9] The state court petition could be amended thereby failing to provide any "legal certainty" to any purported judicial admissions. Indeed, "Texas rules give [plaintiffs] considerable latitude to [amend the state court petition]." *Ford*, 2014 WL 4105965, at *4 (citing *Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995)). Further, Rule 169 allows state court petitions to be amended upon a showing of "good cause." Tex. R. Civ. P. 169(c). Moreover, as the Court held above, the damages-limiting statement in the state court petition constitutes bad faith.

Finally, Plaintiffs' proffer of the Post-Removal Stipulation to clarify any ambiguities in the state court petition is also unavailing. Post-removal stipulations may only be considered if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883; *see also Chavez*, 2016 WL 641634, at *3 (finding that post-removal affidavit could not be considered because the amount in controversy was unambiguous based on the state court petition and a pre-suit demand letter demonstrating that the amount in controversy exceeded $75,000); *Hibu Inc.*,

---

[9] The Court has examined the cases Plaintiffs cite in support of the argument that the amount of damages set forth in the state court petition is a binding judicial admission, but finds those cases unpersuasive in the instant, distinguishable circumstance. *See Ware v. Wells Fargo Bank, N.A.*, 116 F. Supp. 3d 737, 741 (N.D. Tex. 2015) (finding pre-removal declaration attached to and filed with state court petition bound the plaintiff to a recovery under $75,000); *Richard v. Time Warner Cable Media Inc.*, 960 F. Supp. 2d 659, 662–64 (N.D. Tex. 2013) (failing to consider the amendments to Rule 47 and holding that statement in state court petition "[a]ffirmatively limiting" potential recovery coupled with post-removal stipulation that clarified ambiguities was sufficient to bind the plaintiff); *Washington-Thomas*, 2012 WL 5287043, at *3 (holding that section of petition titled "VIII. Binding Stipulation" and pre-removal affidavit properly bound the plaintiff); *Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*, Civ. A. No. SA-12-CA-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) (finding that express stipulation in state court petition was a judicial admission); *see also Keller v. United States*, 58 F.3d 1994, 1198 n.8, 1199–1200 (7th Cir. 1995) (determining whether the district court's legal conclusion was supported by the evidence and not considering the amount in controversy).

2013 WL 5803816, at *5–6 (holding that post-removal affidavit could not be considered after concluding that the amount in controversy was unambiguous and that the plaintiff could not rely on statement in state court petition in violation of Rule 47 to support remand). Because the Post-Removal Stipulation provides no indication that "less than $75,000.00" was in controversy *at the time of removal* and, as discussed above, it is clear that the basis for jurisdiction was unambiguous at the time of removal, the Court disregards the Post-Removal Stipulation.[10] See *Greenberg*, 134 F.3d at 1253–54; *De Aguilar*, 47 F.3d at 412.

Accordingly, the Court concludes that Plaintiffs have failed to demonstrate with "legal certainty" that, at the time of removal, they sought an amount less than $75,000 and finds that it has subject matter jurisdiction. Consequently, Plaintiffs' Motion to Remand must be denied.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' "Opposed Motion to Remand and Brief in Support" (ECF No. 9) is **DENIED**.

So ORDERED and SIGNED this 22nd day of November 2016.

*/s/ David C. Guaderrama*
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[10] Because the Court disregards the Post-Removal Stipulation here, it will also not hold Plaintiffs to the amount set forth in the Post-Removal Stipulation at a later stage in this case. *See Hatfield v. Wilson*, Civ. A. No. 3:12-0944, 2012 WL 4760795, at *2 (S.D. W. Va. Oct. 5, 2012) (following denial of motion to remand, the court allowed the plaintiff to amend the pleadings to seek damages higher than those stated in a post-removal affidavit).